UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL LEON POWELL, #484234,<br>     Plaintiff,<br><br>-v-<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS,<br>*et al.*,<br>     Defendants. | No. 2:18--cv-221<br><br>Honorable Paul L. Maloney |

## ORDER MODIFYING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff Michael Powell is a prisoner under the control of the Michigan Department of Corrections. After an initial review of his complaint, the Court dismissed some of Plaintiff's claims. Plaintiff has pending claims for deliberate indifference to his serious medical needs and a claim for the unnecessary and wanton infliction of pain, both violations of the Eighth Amendment. Plaintiff filed a motion to compel the full names of the named Defendants. (ECF No. 12.) Defendants filed a motion for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies. (ECF No. 28.) The magistrate judge issued a report recommending Defendants' motion be granted and Plaintiff's motion be dismissed as moot. (ECF No. 41.) Plaintiff filed objections. (ECF No. 42.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Before discussing Plaintiff's objections, the Court must describe the claims still pending in this lawsuit. This Court identified which claims were adequately pled in the Opinion issued after the initial review of his complaint. (ECF No. 4 Opinion at 6 PageID.40.) Plaintiff has an Eighth Amendment claim for deliberate indifference to a serious medical need against John Doe #1, Jane Doe #1, Jane Doe #2, Mason, Curtis and Holden, which are described in paragraph 20-25 of the complaint. (*Id.* at 19-21 PageID.53-55.) In those paragraphs, Plaintiff describes several attempts at self-harm or suicide and the allegedly inadequate responses by the defendants to those attempts. Plaintiff also has an Eighth Amendment claim for unreasonable and excessive force based on the allegation that he was "hogtied." With these claims in mind, the Court considers Plaintiff's objections to the recommendation that he did not exhaust his administrative remedies.

1. The magistrate judge concludes that Plaintiff has not provided factual evidence to show that his mental illness prevented him from filing grievances or legal authority to show that his mental illness excused him from exhausting his administrative remedies. (R&R at 7 PageID.219.) Plaintiff objects (objections 1-3). These objections are overruled.

Plaintiff points to provisions in two policy directives—the definition of "mental illness" and the requirement that a grievant attempt to resolve an issue before submitting a written grievance, which can be excused under certain conditions. He also points to his own affidavit

to show he suffered from mental health breakdowns.[1] This evidence, when read together, does not establish that Plaintiff was excused from exhausting his administrative remedies. As the magistrate judge notes, the evidence in the record establishes that Plaintiff actually filed grievances during the relevant time period. The authority in the record, legal and factual, does not establish that Plaintiff's mental health issues impaired his ability to utilize the grievance process. *See, e.g., Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002) (citation omitted) (finding that the existence of a mental disability, alone, was not sufficient for equitable tolling for habeas petition because the moving party needed to show that the disability prevented him or her from understanding the legal rights and acting upon them).

This portion of the Report and Recommendation is **ADOPTED** as the Opinion of this Court.

2. The magistrate judge concludes Plaintiff did not exhaust his administrative remedies through Grievance 17-05-1712-12F because it was rejected at Step III for procedural reasons. (R&R at 7-12 PageID.219-224.) Plaintiff objects (objection 4-5). The objections are overruled.

Grievance 17-05-1712-12F sets forth two issues/concerns: (1) Plaintiff's medication was not helping him cope with his mental health issues as evidenced by his attempts to

---

[1] A plaintiff's self-serving diagnosis, even when contained in an affidavit, may not be sufficient to create a genuine issue of material fact when the law requires the presence of a medical condition, in this case the Policy Directive that defines "medical disability." *See Lackey v. Jackson Cty., Tennessee*, 104 F. App'x 483, 490 (6th Cir. 2004) (involving a claim under the FMLA and explaining that "[s]tated differently, aside from Plaintiffs own self-serving statements, we have no evidence that he has any of the illnesses he claims to have.").

commit suicide and (2) his mental health status should preclude him from being placed in administrative segregation, citing a Policy Directive. Plaintiff indicated he attempted suicide three times, without providing dates. The grievance was filed on May 30, 2017. MDOC concluded that Plaintiff was receiving mental health care and that his needs were not being ignored. The MDOC also stated, albeit succinctly, that policy for mental disabilities and segregation was not violated. This was a decision addressing the merits of Plaintiff's grievance. MDOC did not raise any procedural problems.

At Step II, Plaintiff again asserted two issues. First, Plaintiff suggests that the quality of his mental health care, including his placement in segregation, caused him to attempt suicide on March 27 and again on March 28. The second concern was that he should not be placed in segregation because of his mental health status, referencing the same Policy Directive. The MDOC denied the appeal on the merits and for procedural deficiencies. As a procedural problem, the MDOC concluded that Plaintiff changed his complaint because the initial grievance was specifically about his medications and not about the quality of his care generally. As to the merits, MDOC concluded Plaintiff's medication was being provided consistent with the recommendation of mental health professionals and that no housing policy had been violated.

At Step III, Plaintiff asserted that the issues in the initial grievance and his first appeal were not addressed. Plaintiff contended that being housed in segregation was not consistent with prison policy and that staff actions were leading him to attempt suicide. The MDOC denied the appeal on different procedural grounds. MDOC stated that Plaintiff did not attempt to resolve the complaint before filing the grievance. And, Plaintiff indicated that his

circumstances were "ongoing." Attempting to resolve the grievance and identifying a date are procedural requirements.

The magistrate judge concluded that the rejection of a grievance at Step III explicitly on procedural grounds means that Plaintiff did not properly exhaust his administrative remedies. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, (6th Cir. 2011).

This Court has previously held that the MDOC cannot assert a new procedural defect for the first time at Step III and then assert, in a motion for summary judgment, that the grievance was not properly exhausted. *See Raper v. Controneo*, No. 1:17-cv-368, 2018 WL 2928188, at *3 (W.D. Mich. June 12, 2018.) Here, the grievance was initially denied on the merits alone. The procedural concerns raised by the MDOC at Step III were not raised in the MDOC's response at Step I or at Step II. In the Court's view, allowing the MDOC to identify new procedural problems for the first time at Step III, when those problems were present in the initial grievance and were not raised by MDOC in the two previous responses, is "vastly unfair," *id.*, and creates circumstances where MDOC can avoid judicial review of prisoner grievances.

For this reason, this portion of the Report and Recommendation is **REJECTED.**

The Court, nevertheless, concludes that Defendants are entitled to summary judgment for the failure to exhaust administrative remedies Comparing the paragraphs in the complaint which set forth the pending claims to the facts and issues set forth in the grievance, the Court agrees with Defendants that Plaintiff did not exhaust his administrative remedies. Plaintiff did not file any grievance in which he alleged he was hogtied. And, Grievance 1712-12F did not allege any issues relating to the treatment by staff *following* the

incidents of self-harm.  The grievance, at best, alleged that the course of treatment in general *before* Plaintiff attempted suicide.

Accordingly, the Report and Recommendation is **MODIFIED**.  The Court will adopt, as its Opinion, the recommendation that Defendants' motion for summary judgment be adopted, but for a different reason.

Defendants' motion for summary judgment (ECF No. 28) is **GRANTED**.  The Court concluded Plaintiff did not exhaust his administrative remedies.  Because Plaintiff did not exhaust his administrative remedies, Plaintiff's request for the full names of the defendants (ECF No. 12) is moot and is **DISMISSED**.

**IT IS SO ORDERED.**

Date:  December 19, 2019                                         /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge